IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

WAYNE BLACK, #137 192          *

    Plaintiff,                        *

       v.                             * CIVIL ACTION NO. 1:03-CV-454-F
                                                           (WO)
SHERIFF LAMAR GLOVER, *et al.*,     *

    Defendants.                     *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

I.  INTRODUCTION

Plaintiff Wayne Black filed this 42 U.S.C. § 1983 action on April 29, 2003. He complains that on April 10, 2003, while he was incarcerated in the Houston County Jail, Defendants subjected him to cruel and unusual conditions of confinement by keeping him handcuffed behind his back for four hours and forcing him to soil himself.[1] The complaint is pending against Sheriff Lamar Glover and Walter Bower, former Commander of Jail Operations for the Houston County Sheriff's Department.  Plaintiff seeks damages and injunctive relief.  (Doc. Nos. 1, 5.)

Pursuant to the orders of this court, Defendants filed a special report, a supplemental special report, including supporting evidentiary material, addressing Plaintiff's claims for relief.  (Doc. Nos.  14, 26.)  The court deems it appropriate to treat these documents as a

---

[1]Plaintiff is now incarcerated at Holman Prison located in Atmore, Alabama.

motion for summary judgment. Upon consideration of the motion, the evidentiary materials filed in support thereof, and Plaintiff's responses thereto (Doc. Nos. 18, 27), the court concludes that the motion for summary judgment should be granted.

## II. STANDARD OF REVIEW

To survive Defendants' properly supported motion for summary judgment, Plaintiff is required to produce some evidence supporting his constitutional claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). He must "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'" *Id*. at 324. A plaintiff's conclusory allegations do not provide sufficient evidence to oppose a motion for summary judgment. *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). Consequently, when a party fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex Corp.*, 477 U.S. at 322; *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607 (11th Cir. 1987). Where all the materials before the court indicate that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex Corp.*, 477 U.S. at 322; *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987). Although factual inferences must be viewed in a light most favorable to the non-moving party, and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of

establishing a genuine issue of material fact.  *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).

### III.  DISCUSSION

*A.  The Claims for Injunctive Relief*

During the pendency of this action, Plaintiff was transferred from the Houston County Jail.  The transfer or release of a prisoner renders moot any claims for injunctive or declaratory relief.  *See County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979); *see also Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (past exposure to even illegal conduct does not in and of itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing present injury or real and immediate threat of repeated injury).  As it is clear from the pleadings and records before the court that Plaintiff is no longer incarcerated in the Houston County Jail, his request for injunctive relief has been rendered moot.

*B.  The Conditions of Confinement Claim*

In his complaint, Plaintiff describes a prison disturbance which occurred on April 10, 2003. Specifically, some inmates failed to "roll out" of their cells when they were scheduled to do so which caused an "uproar."  Plaintiff maintains that he was not a participant in the disturbance.  Nevertheless, he complains that he was placed in a cell by himself and had his hands cuffed behind his back in  plastic restraints. Plaintiff remained so restrained for four hours during which time he was unable to use the toilet and thus, was forced to urinate and defecate on himself.  Plaintiff alleges that he did not shower until April 11, 2003 at

approximately 9:30 p.m.  (Doc. Nos. 1, 5.)

The Constitution "does not mandate comfortable prisons, but neither does it permit inhumane ones."  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)).  Thus, it is well-settled that the treatment a prisoner receives and the conditions under which he is confined are subject to constitutional scrutiny.  *Helling v. McKinney*, 509 U.S. 25 (1993).  The Eleventh Circuit has held that "in regard to providing pretrial detainees with such basic necessities as food, living space, and medical care, the minimum standard allowed by the due process clause is the same as that allowed by the Eighth Amendment for convicted persons."[2]  *Hamm v. DeKalb County*, 774 F.2d 1567, 1574 (11th Cir. 1985). The court, therefore, looks to the Eighth Amendment to analyze Plaintiff's claim that Defendants subjected him to unconstitutional conditions of confinement.

A prison official has a duty under the Eight Amendment to "provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer,* 511 U.S. at 832 (1994) (quoting *Hudson v. Palmer,* 468 U.S. 517, 526-27 (1984)); *Helling,* 509 U.S. at 33.  In order to demonstrate an Eighth Amendment violation with respect to conditions of confinement, a prisoner must satisfy both an objective and a subjective inquiry.  *Farmer*, 511 U.S. at 834.  The objective component requires an

---

[2] It appears from the documents and records before the court that Plaintiff was a pretrial detainee at the time the matter about which he complains occurred.  (*See* Doc. No. 14, Exh. 10.)

inmate to prove that he was denied the "minimal civilized measure of life's necessities." *Id*. The challenged prison condition must be "extreme" and must pose "an unreasonable risk of serious damage to his future health." *Chandler v. Crosby*, 379 F.3d 1278, 1289-90 (11th Cir. 2004). The subjective component requires a prisoner to prove that the prison official acted with "deliberate indifference" in disregarding that risk. *Farmer*, 511 U.S. at 834, 837.

It is undisputed that there was a disturbance on April 10, 2003 caused by inmates in the Houston County Jail who were disgruntled with the jail's new policy of reducing the amount of time inmates could spend in the jail's dayroom. (*See* Doc. No. 5, attachment.) Plaintiff claims that he did not participate in the disturbance. Taking Plaintiff's allegations as true,[3] the court cannot conclude that the challenged prison conditions were "extreme" and posed "an unreasonable risk of serious damage to his future health." *Chandler v. Crosby*, 379 F.3d 1278, 1289-90 (11th Cir. 2004). Although certainly unpleasant and to some degree unsanitary,[4] the conditions about which Plaintiff complains were not of sufficient severity to implicate the Eighth Amendment. *Id*.; s*ee also Cunningham v. Eyman,* 17 Fed. Appx. 449, 453-454 (7th Cir. 2001) (finding no Eighth Amendment violation where prisoner spent sixteen hours in shackles and four to five hours in soiled clothing); *Key v. McKinney,* 176 F.3d 1083, 1086 (8th Cir. 1999) (prisoner who was restrained in handcuffs and shackles for

---

[3] Defendants assert that Plaintiff's claim that he was placed in a cell with his hands cuffed behind his back for four to five hours, during which time he was forced to urinate and defecate on himself, is totally false. (Doc. No. 26, Exhs. A, B.).

[4] The court notes that while Plaintiff indicates that he did not shower until the late evening of April 11, 2003, he states that after his restraints were removed, prison personnel gave him another jumpsuit. (Doc. No. 27.)

24 hours, making it more difficult for him to relieve himself, did not suffer a constitutional violation); *Harris v. Fleming,* 839 F.2d 1232, 1235 (7th Cir. 1988) (temporary neglect of prisoner's hygienic needs is insufficient to establish an Eighth Amendment violation). Because Plaintiff's claim fails the objective inquiry, the court does not consider the subjective component – *i.e.,* whether Defendants acted with deliberate indifference to a known risk to his health or safety. Defendants' motion for summary judgment is, therefore, due to be granted.

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Defendants' motion for summary judgment (Doc. Nos. 14, 26) be GRANTED and this case be DISMISSED with prejudice;

2. Judgment be ENTERED in favor of Defendants and against Plaintiff;

3. The costs of this proceeding be TAXED against Plaintiff;

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **November 3, 2005**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the

Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 20th day of October, 2005.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE